THIS
 OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Leila Miriam
 Carroll, Appellant,
v.
Travis Oliver
 Johnson and Alan Travis Johnson d/b/a Sonrise Planters, Respondents.
 
 
 

Appeal From Horry County
 Steven H. John, Circuit Court Judge

Unpublished Opinion No. 2011-UP-438
Submitted October 1, 2011  Filed October
 11, 2011 

AFFIRMED

 
 
 
Leila Miriam Carroll, pro se, of Waxhaw.
John M. Leiter, of Myrtle Beach, for
 Respondents.  
 
 
 

PER CURIAM: Leila
 Miriam Carroll appeals the trial court's dismissal of her claims for waste and fraud against
 Alan Johnson and Travis Oliver Johnson, arguing the trial court (1) violated
 her due process rights by considering the
 Johnsons' standing argument and (2) erred in finding Carroll lacked standing.   We
 affirm[1] pursuant to Rule 220(b)(1), SCACR, and the following authorities:
1.  As to whether the
 trial court violated Carroll's due
 process rights by considering the Johnsons' standing argument: Wilder
 Corp. v. Wilke, 330 S.C. 71, 76, 497
 S.E.2d 731, 733 (1998) ("It is axiomatic that an issue cannot be raised for the
 first time on appeal, but must have been raised to and ruled upon by the trial
 [court] to be preserved for appellate review."). 
2.  As to whether the trial court
 erred in finding Carroll lacked standing to bring the waste and fraud causes of
 action: S.C. Code Ann. § 62-3-703(a) (Supp. 2010) ("A personal
 representative has a duty to settle and distribute the estate of the decedent .
 . . ."); S.C. Code Ann. § 62-3-715(20) (2009) ("[A] personal representative,
 acting reasonably for the benefit of the interested persons, may properly . . .
 prosecute or defend claims, or proceedings in any jurisdiction for the
 protection of the estate . . . ."); Powell ex rel. Kelley v. Bank of Am., 379
 S.C. 437, 444, 665 S.E.2d 237, 241 (Ct. App. 2008) ("Standing refers
 to a party's right to make a legal claim or seek judicial enforcement of a duty or
 right. It concerns an individual's sufficient interest in the outcome of the litigation
 to warrant consideration of [the person's] position by a court.") (citations and quotation marks omitted); id. at
 445, 665 S.E.2d at 241 ("One must be a real party in interest, i.e., a party
 who has a real, material, or substantial interest in the subject matter of the
 action, as opposed to one who has only a nominal or technical interest in the
 action."); id. at 444,
 665 S.E.2d at 241 (providing standing is comprised of three elements:  (1)
 plaintiff must have suffered an "injury in fact"; (2) a causal connection exists between the injury
 and the conduct complained of;  and (3) it is likely the injury will be "redressed
 by a favorable decision"); Judy v. Judy, 393 S.C. 160, __ , 712
 S.E.2d 408, 411 (2011) ("At common law, waste
 is any permanent injury to lands, houses, gardens, trees, or other corporeal
 hereditaments done or permitted by the tenant of an
 estate less than a fee to the prejudice of him in
 reversion or remainder. Waste may
 be committed by acts or omissions which tend to the lasting destruction,
 deterioration, or material alteration of the freehold and the improvements
 thereto or which diminish the permanent value of the inheritance.")
 (citations and quotation marks omitted). 

AFFIRMED.
SHORT, WILLIAMS, and GEATHERS, JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.